WM. H. THOMASSON v. GEO. F. LITTLE.

[Abstract Kentucky Law Reporter, Vol. 7—749.]

**Homestead Right.**

Where the homestead claimed is shown not to be worth exceeding $1,000, the chancellor does not err in refusing to subject it to sale for the mere purpose of ascertaining whether it would bring more money.

APPEAL FROM McLEAN CIRCUIT COURT.

April 3, 1886.

OPINION BY JUDGE PRYOR:

In this case it is conceded by counsel that the appellee's intestate had the right to sell and dispose of his homestead, for the reason that it was not subject to the demand of creditors, and therefore the conveyance to the son by the father was valid and passed the absolute fee. Creditors have no right to complain, and the right of the owners of the homestead is undoubted. The only question presented is as to the value of the homestead at the time of the sale to the son, by reason of improvements placed upon it. The decided preponderance of the testimony is that it was not worth exceeding $1,000, and the chancellor therefore did not err in refusing to subject it to sale for the mere purpose of ascertaining whether it would bring more money.

It is insisted that the conveyance to the son was based upon a consideration and therefore not fraudulent, actually or constructively, and because this consideration is attempted to be shown or is relied on by the appellee, that it is proof of the purpose on the part of the father to defeat the recovery of creditors by passing the fee in his lifetime. Whether voluntary or with a consideration is immaterial, as the creditor in contemplation of law is not affected by it. The heirs or widow of the grantor are not com-

plaining, and the fact that she has assumed control of the land affords no reason for disregarding the conveyance.

Judgment *affirmed.*

*Jeff C. Jonson, for appellant.*

*Owen & Ellis, for appellee.*